Thank you, Your Honors. May it please the Court. My name is Jeff Bittner. I am arguing today on behalf of my wife, Samera Bittner, on behalf of our minor son. If this Court concludes that the District Court had jurisdiction to resolve the open enrollment claims, then its decision in this case will determine whether the Iowa Open Enrollment Law survives as written to maximize parental choice in education or is judicially abolished for all intents and purposes. Fortunately, we don't believe the Court ever gets to that point. It doesn't get to that point because the District Court did not have subject matter jurisdiction. The events alleged in the petition were not ripe for judicial review. They were not ripe for judicial review because they did not involve final agency action. I use that term in quotes by agency. I mean final action by the government entity involved. Instead, they involved preliminary agency action or the conduct of the superintendent of schools on March 28, 2018. What the other school superintendent told the school board. Before we get too far down the facts here and what the school board did and when they did it, there's a line of cases that we've had really across a broad spectrum of ripeness jurisprudence in which we've said that we measure ripeness at the time that the decision is made by the Court rather than the time that the pleading is filed or the complaint is filed or the answer. How do we get around that? The way we get around that is the Caterpillar case and the Holmes case. They say that you cannot go outside the petition to determine the presence of jurisdiction. We don't ever allege final agency action in our petition. We allege what the superintendent of schools did. The other significant part of those cases is that there has to be significant harm. What I'm talking about is I'm talking about Nebraska Public Power, which we're talking about losses between $150 million and $500 million. We're talking about Blanchette, the railroad cases where they are compelled, the railroads were compelled under the Railroad Reorganization Act to operate at losses in the millions of dollars. Here we don't have significant harm. All we're talking about is lawyers repackaging the same briefs that they've written in federal court, in state court that does have jurisdiction, and making the same arguments. But thank you for that question. The District Court erroneously concluded that it did have jurisdiction because it came to the conclusion that under Iowa law, the superintendent of schools has the power to deny an open enrollment request. In order to get to that place, however, it had to eliminate words from one sentence of Iowa Code section 282.18 sub 2 sub b, and it also had to add two words to that same sentence. It follows, the board of directors of receiving a district may adopt a policy granting the superintendent of the school district authority to approve open enrollment applications. The part of that sentence that the District Court eliminated was the one that requires the necessity of a school board policy in place in order for the school superintendent to have any powers as it relates to open enrollment. And the two words that the District Court read into that statute that don't exist are the words or deny. Anderson v. State is a case that is not found in our briefs. It's found at 801 Northwest 2nd, page 1 at page 2. It's a 2015 Iowa Supreme Court opinion that is authored by Ms. Schultz's former law partner, and I'm pleased to say a good friend of mine, Justice Thomas Waterman. Justice Waterman begins the Anderson opinion by quoting perhaps the most colorful jurist in the history of the Iowa Supreme Court, the late Justice King Thompson. The case is Holland v. State. Both Anderson and Holland, like this case, involve critical issues of statutory construction, and the quote is, ours is not to reason why. Ours is but to read and apply. It is our duty to accept the law as the legislative body enacts it. In this case, the legislative body chose to enact the statute to include the words approve, but not include the words or deny. Cases that stand for the specific proposition that when language is not included in an Iowa statute that the omission is considered deliberate are Beach v. State and Moulton v. Iowa Employment and Securities Commission, both of which are cited in our brief, and there's a great quote in Moulton that I missed, and it says we can neither add words to a statute nor eliminate them. In this case, the district court did both. It added the words or deny to the superintendent's power, and it eliminated the words that require there to be a board policy in place for the school superintendent to have any authority to act at all. Counsel, I think I do understand that argument, but for the sake of time, let's assume that this case is ripe and there is subject matter jurisdiction. I would be interested in your arguments as to whether your claim was properly dismissed under subsection 2B of section 282.18. Thank you, and I'm glad you asked that question. That's where I was going next. If this court does find that there's jurisdiction, then the district court erred on its analysis of the substantive open enrollment issues for the same reason that it erred on its due process analysis. The basic mistake the district court made is it likened the Arkansas statute to the Arkansas enrollment statute involved in the Stevenson case to the Iowa open enrollment statute involved in this case, and there's a critical distinction. The Arkansas open enrollment statute started out with a prohibition against discrimination, but once that prohibition, once they overcame that hurdle, then the Arkansas, the receding school district, had complete discretion as to whether to admit a student to open enrollment or deny them. If there's complete discretion, there is no due process. It doesn't matter what the evidence says. At the end of the day, the government entity still has complete discretion. That is not Iowa's statutory scheme. The place to start is Iowa Code section 282.18 sub 2 sub c. That requires every school district in the state to have a board policy that defines insufficient classroom space. Once that policy is in place, then we go up a sub paragraph to 2b, which we've talked about before. That sub section says that a receiving school district shall admit a student to open enrollment unless it has sufficient classroom space. That's insufficient classroom space in the definition that they have. When the word shall is used in a statute in Iowa and directed at a government body, it's a mandate, it's an obligation, it's an order. The government entity has no choice. Counsel, I'm not sure that's relevant. Paragraph 19 of your appeal clearly states that you were appealing under sub section 8, not 2b. Under sub section 8, you look to see whether the admission of the student would cause the size of the special ed class program to exceed the maximum set by the state board of education. The district court, there's different terminology. We now agree that the district court was correct in reading 2b and 8 together. The first hurdle is sufficient classroom space, which is a term that is completely different than maximum classroom size used in sub section 8. If there is a spot open in the special education program under sub section 8, according to the state board standards, the school could still deny open enrollment to the student based on their determination that there wasn't room in the school. It seems to me the more specific language would control over the more general language there. If there's sufficient classroom, okay, the way 2b works is if there's a sufficient classroom space, then the district shall, but then we drop down to sub section 8. There are two exceptions in sub section 8. One doesn't apply. That's if they don't have an appropriate special education program, which nobody says they do. That's why we want him in. The only other one is admitting him will not exceed maximum classroom size in rules established by the state board of education. That language is very important. They point to 281 IAC 41.408 sub 2. They say that's the rule that establishes maximum classroom size. We can have all of the brilliant minds in the 8th judicial circuit read that rule 100 times and they will not be able to tell themselves, their colleagues, me or anybody else what the maximum classroom size is for special education students in Pleasant Valley. That's because that rule does not establish maximum classroom size. What it purports to do is re-delegate the function assigned to it by the Iowa legislature to establish rules to establish maximum classroom size to a group of individuals that have no affiliation whatsoever with the Iowa State Board of Education, to parents, to at least one representative of the local AEA, but mostly to teachers and administrators of whom of the receiving school districts themselves. In this case, the regulated are being allowed to set their own regulations. The inmates are running the asylum. Counsel, whether the regulation is validly adopted or is valid is really not before this court. We have to presume that it's valid. If you get past the insufficient classroom space, though, this is a motion to dismiss and it says that under no conceivable set of circumstances can it be valid. This is and I see I'm into my time, but I'll go through it. This is what the courts have referred to as an illegal delegation of administrative power. There are some cases that are on point that aren't cited in the brief that I found afterwards. They include United States Telecom Association v. FCC, 359 F3D 554, Schick v. District of Columbia et al., 132 F3D 775, and National Association of Regulated Utility Commissioners v. FCC, 737 F2D 1095. I will reserve the rest of my time. One last thing. You cited Anderson and now a number of regulatory cases. Please file a 28-J letter with the citations in it so that we actually have those citations in writing. Thank you. Thank you. Ms. Shultz. Thank you. May it please the court, counsel, my name is Mickey Shultz and I represent Pleasant Valley Community School District and along with Megan Gorham on the brief here to answer some of your questions and address some of the high points of our brief. Plaintiff in this case focused on this ripeness issue that the district court, frankly, never addressed and never talked about whether Dr. Spelog had any power to deny open enrollment. He now is claiming before this court that a case that he filed that was his choice to file was improper in that it was not ripe. He wants a second bite at the apple. He's not happy with the district court's dismissal of his claims, partial claims, because his claim is not in the district court. So he can proceed presumably in state court to get a different answer. That's not what this court is meant to do. It's clear in this case that what the court did was based solely on the pleadings. I don't have both complaints. I have them both, but it's easier to get to one. He very clearly alleged this appeal alleges that in denying the student's request for open enrollment under Chapter 282.18.8, Pleasant Valley violated Iowa law. All over his complaints, both of them, both in what we call the law case and the appeal case, he says Pleasant Valley denied open enrollment. This case was ripe for review by the district court, and it's certainly ripe for your review based on the cases that are cited with regard to ripeness and referenced by the judges here. With regard to some of the other issues that was talked about with regard to 282.18 and what are the obligations of the court, I believe he just conceded or said you need to read 282.18 Section 2 and Section 8 conjunctively. You look at them together. Counsel, I'd like to explore that a little bit. How would that work? It seems to me that would allow a school district to ignore its obligations under Subsection 8, which are pretty limited, and instead decide every case under Subsection 2, which they have carte blanche there, and it's not appealable. That would seem to read Section 8 clear out of the statute to me. I think that we obviously don't have a lot of legislative history in Iowa, so we can't say specifically everything what they were thinking. What I presume what they did is Subsection 2 talks about classroom space in general throughout the school district because in special ed cases, certainly there are special education classrooms, but many times those special education students are in general education classrooms too. And then they went to Subsection 8 and went more specifically with regard to special education students as well with regard to establishing that classroom space and talking about the programming. Wouldn't you agree that we generally look to the more specific language instead of the more general language to decide a case? Generally, yes. That's the statutory construction. But when you read the two together and you're talking about classroom space, which based on plaintiff's own allegations, he was denied open enrollment. But under his allegations in Paragraph 19, his claim was very clearly under Section 8, not 2. Right. And yet the district court decided it under 2. Right. Because you read the two together, they're saying when the denial is based on classroom space, whether it's special education classroom space or general education classroom space, there's no right to appeal. But I think the district court's dismissal was based under the part of Section 2 that says there are no appeals from Section 2. Right. And I think she reads the two together, but the classroom space reference in Paragraph 8 or Subsection 8 would also apply as well. Section 8 does not say there are no appeals. And in fact, there's an Iowa Administrative Code Section 28-17.32E3 that says you can appeal to the district court. And that's what they did. Right. It does say that in other instances. But then the statute, not the administrative regulations under statutory construction, would apply. You'd have to look specifically. Don't we have to presume that the regulation is valid? You do, except for when it's for classroom space, when the statute specifically says... But even if we were to get to the classroom space piece, which the district court did, doesn't there have to be some sort of a fact finding made on Subsection 8? And isn't that inappropriate at this stage in the proceedings? I mean, this isn't a summary judgment motion. And so when you look at it on the pleadings, you'd say, well, you know, we don't have... To get back to 2 and say that's where we decided, don't you have to make a finding that under Subsection 8, it's a student who will be qualified or admitted in the special education program who will actually be then involved in a general education classroom where there is no space. Right? So while we still have opportunities under Subsection 8, there's still space in our special ed program, there is no space for a kid who spends two hours a day in a general ed class and the rest of their time in special ed. Right? And doesn't that... Isn't that all in the fact world, not in the look at the pleadings and make it go away world? I would agree, but I think conjunctively she looked at the two statutes together along with a couple of other regulations. I agree that you have to look at the classroom space, but I don't think that Subsection 2 is limiting itself to only general education classrooms. I think it's all classrooms. They say there's space. And then in Subsection 8, they give more specifics about special education classrooms and establishing. And I would point to, and I know you brought up 17 point... Go ahead. Yes, counsel. Again, under that interpretation, no one could ever appeal because under Subsection 2B, there are no appeals. And I would agree with that because the legislature has determined that the plaintiffs or the students in this case don't get to determine classroom space. And certainly we could explain what the classroom space... I agree there's no facts. But in Subsection 8, it's the State Board of Education that determines the space. Right, except for then the regulations go further with regard to establishment of classroom space. And he cited to just this 408, but when you look at 281-17.6, it talks very specifically about how they establish classroom space. The receiving district shall adopt a policy and it lists five or six different things that they have to consider, including whether there's programming, what type of programming, whether it's general ed, special ed, that type of thing. So who gets to appeal under the Iowa Administrative Code, Section 28? Excuse me? So of what purpose is the Iowa Administrative Code section that talks about appeals to the district court? I'm not exactly... Well, because there's lots of other reasons that somebody could be denied open enrollment. It could be for the good cause, which is referenced earlier. That goes directly to the State Board of Education. But there's other reasons for denial of open enrollment. I can't list all of them here because they're not relevant to this issue, but the issue here was classroom space and the statute... Section 8 is silent. So you're reading the prohibition of subsection 2 into subsection 8. Because they both talk about classroom space. Yes, Your Honor. With regard, I'd also like to point out the other rules and talk very briefly about whether there's any due process rights. Mr. Bittner didn't talk much about it, but I think the law is very clear that there's no property interest in educational choice, public educational choice, citing to that Stevenson case. And it's very clearly, under Stevenson, if you look at 282.18 and the regulations, including 17.6, 17.3, and 17.11, that when you look at what the court talked about in that Arkansas case with regard to Stevenson and the Iowa statute, they read very, very similarly. The issues about desegregation plans, the issues about classroom space, whether there's any discretion, and that when you look at 17.11 in the regulations, for a parent that requests open enrollment for special education students, the determination shall be made by the receiving district in consultation with the resident district and the appropriate area education agencies before approval of the application. And that's including to determine whether or not there's room in that program and that establishment of that program. There's nothing in here that allows a plaintiff who has requested open enrollment to challenge a district court's establishment of what is the classroom space that's possible in that school district. Every school district gets to make those decisions on their own, following the department regulations. I don't believe that the discretion that's in the Stevenson case, as cited by plaintiff, does anything to change that analysis as to whether or not there's a protected property interest. The Stevenson case says very clearly that there is no property interest in educational choice for students or for parents to send their students to a select public school. There is, however, a property interest in other things, like you can't be suspended from a public school or expelled from a public school without due process. You can't have an employment contract taken away without proper due process. You can't remove welfare benefits without due process. In this case, however, although Mr. Bittner's son has a right to a public education under the Iowa scheme in the way residential districts are set up, he has a right to a public education in his residential district. And that's where he has a right to. He doesn't have a right to choose wherever he wants to go subject to, of course, if he meets the requirements of the open enrollment statute, he does have the right to apply and have that educational choice if there is room in those programs. It's our contention that this Court properly dismiss both the due process claims and the 282.18 claim and we would ask this Court to uphold the decision of the District Court. Unless there's any other questions, I will sit down. Thank you. Make no mistake about it. Their argument is that we are not entitled to due process at any time, that they have the right to have a person who is legally prohibited from making the open enrollment decision make the open enrollment decision in a due process vacuum without notice, without a hearing, and without the right to appeal ever. That is not Iowa's statutory scheme. Because we use the words shall, we're dealing with an entitlement. And when we're dealing with an entitlement, we're talking about Goss versus Lopez, Goldberg versus Kelly, not Stevenson versus Blytheville Community School District number 5. As it relates to their complaining in the action that we took, we were told by the school superintendent, we were sent an email, Exhibit 5, on March 28, 2018. It basically said if you don't like our decision, you have 30 days to appeal. I'm sure that if we had not done that, they would be arguing today that we missed a jurisdictional deadline. Counsel, why did they send you a notice saying you had a right to appeal if you don't have a right to appeal? That's a good question. That's Exhibit 5 and it essentially says, and I think it also suggests that it was final agency action even though it wasn't, even though the superintendent didn't have the right to deny it on March 28, which is very clear from both Iowa Code Section 282.18.2b and 281 IAC 17.32. My red light's on. I wish I had more time. Thank you very much. Madam Clerk, are there any other cases on the calendar? No, Your Honor. That exhausts the calendar for today.